**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DIANE JEFFREY, as parent and next
friend of Glenda Sherouse, a minor;
RAY AVILA, as parent and next
friend of Sylvia Avila, a minor,

       Plaintiffs-Appellees,

    v.

SUSANNE RATCHNER; YLAINE
HETES; JT STONE, in their
individual capacities,

       Defendants-Appellants,

   and

MACARIO PAGE; JOSEPH DURAN;
CITY OF ALBUQUERQUE;
CHRISTOPHER A. HARMON;
MARTIN SMITH; STEPHEN J.
POWERS,

       Defendants.

No. 02-2325

(D.C. No. CIV-01-349-WWD/LCS)

(D. New Mexico)

**ORDER AND JUDGMENT** *

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY, HOLLOWAY** and **HARTZ** , Circuit Judges.

---

Defendants Susanne Ratchner, Ylaine Hetes, and J.T. Stone (Appellants) appeal the district court's denial of their motion for summary judgment. Ratchner and Hetes are detectives with the Albuquerque Police Department, and Stone is a patrol officer. Plaintiffs Glenda Sherouse and Sylvia Avila (Plaintiffs), through their parents, sued Appellants, among other defendants, for alleged violations of the United States Constitution and New Mexico tort law. After the magistrate judge—assigned the case with the consent of the parties—granted in part and denied in part Defendants' motion for summary judgment, the only remaining constitutional claim was against Appellants for unlawful arrest. They seek review in this court, contending that they are protected against this remaining claim by their qualified immunity. Although we regularly review denials of summary judgment when the district court has allegedly committed legal error in rejecting a claim of qualified immunity, we lack jurisdiction here because "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial," Johnson v. Jones, 515 U.S. 304, 319-20 (1995); see, e.g., Garrett v. Stratman, 254 F.3d 946, 952 (10th Cir. 2001). Accordingly, Appellants' appeal is DISMISSED.

## I.    Background

### A.  Facts

Plaintiffs' suit arises from a police investigation of three armed robberies in Albuquerque, New Mexico, on July 29, 2000.  The robberies of the Spin Cycle laundromat, Shoes on a Shoestring, and the Village Inn restaurant occurred within a brief period around 4:30 p.m.  Witnesses to each of the three robberies told the police that an African-American female was involved.

Shortly after the robberies a woman at the Kona Kai apartment complex, which is near Shoes on a Shoestring, called the police to tell them that she had observed two young females, one black and one white, sitting on a curb across from her apartment, and that one of the girls was not supposed to be there.  The caller reported seeing the black female donning a red article of clothing given to her by someone who came out of the apartment complex.

Albuquerque Police Officers Christopher Harmon and Stephen Powers, who had been investigating the Shoes on a Shoestring robbery, responded to the call.  After briefly speaking with the caller, they questioned Alexis Hannah and her mother, who resided at the Kona Kai apartments.  Alexis told the officers that she had spent the previous evening with Plaintiffs and another girl at Plaintiff Glenda Sherouse's home and that they all took the bus to Alexis's apartment that day.  She said that she had given a red jacket to Plaintiff Sylvia Avila, who had then

left with Ms. Sherouse to go to Ms. Avila's apartment at the Wyoming Place apartment complex. Officer Harmon then advised other officers of the girls' identities and Avila's address.

When Officer J.T. Stone arrived at Wyoming Place, he spotted Plaintiffs, who matched the description provided by the caller from the Kona Kai apartments. Glenda Sherouse, an African-American, was then 14 years old, and Sylvia Avila, an Hispanic, was 13. Ms. Sherouse was wearing the red jacket. Officer Stone summoned the two over to his car, separated them, and handcuffed and frisked Ms. Sherouse. Other officers arrived and Detectives Ylaine Hetes and Susanne Ratchner were called to the scene.

Witnesses to the three robberies were brought to the Wyoming Place apartments to determine whether they could identify Ms. Sherouse. The parties disagree about whether any of the witnesses did so.

The detectives then transported Plaintiffs in handcuffs to the Northeast Heights police substation. Several witnesses were brought to the substation, but none could identify Ms. Sherouse as the robber. The police also interviewed Ms. Avila and conducted a fruitless consent search of the apartment of Ms. Avila's mother. Plaintiffs were released to their parents at approximately 9:30 p.m., nearly five hours after the first robbery. No charges were filed against either girl.

**B. Proceedings Below**

Appellants, along with the other defendants, moved for summary judgment on all claims. With respect to Plaintiffs' unlawful arrest claim, Appellants argued that they were entitled to qualified immunity. They contended that Plaintiffs' initial detention at Wyoming Place was supported by reasonable suspicion and that the subsequent detention at the substation was supported by probable cause based on the identification of Ms. Sherouse by Inez Rubio, a witness to the robbery of Shoes on a Shoestring.

The sole issue before us is whether the district court properly denied summary judgment to Appellants on Plaintiffs' claim arising from their transfer to, and detention at, the police substation. In denying summary judgment on this claim, the magistrate judge reasoned that by transporting Plaintiffs to the substation and detaining them there, Appellants exceeded the scope of the earlier investigative stop at Wyoming Place and therefore needed probable cause to justify their actions. Plaintiffs had not confessed, and no tangible evidence linked them to the robberies. Hence, according to the magistrate judge, the existence of probable cause turned on whether any of the witnesses identified Ms. Sherouse during Plaintiffs' initial detention at Wyoming Place.

On this matter, however, there was conflicting evidence. Appellants contended that "probable cause existed for the arrest of Glenda Sherouse when the

officers received a positive identification from a witness." Aplt. App. at 59. But Plaintiffs had introduced an affidavit of Ms. Rubio saying that she had never identified Ms. Sherouse and had "told officers that [Ms. Sherouse] was not the woman that had robbed Shoes on a Shoestring." Aplee. Supp. App. at 49. The magistrate judge held that "because a key fact underlying a determination of whether [Appellants] had probable cause to arrest the Plaintiffs is in dispute, the Court is unable to conclude whether Plaintiffs' arrest was reasonable. Summary judgment on qualified immunity grounds is not appropriate under these circumstances." Aplt. App. at 303.

## II. Discussion

Appellants present one argument that the magistrate judge improperly denied summary judgment to them all, and an additional argument that Officer Stone is entitled to summary judgment. We begin with the argument that all Appellants share.

### A. Argument of All Appellants

Appellants' common argument is that (1) the undisputed facts show that they had probable cause to transport Plaintiffs to the police substation and (2) even if they erroneously believed that they had probable cause, that belief was reasonable.

Plaintiffs do not dispute Appellants' view of the law. They apparently agree that if Appellants reasonably believed that a witness to one of the robberies had identified Plaintiff Sherouse, Appellants had probable cause. (No one claims that any witness identified Plaintiff Avila as a suspect in the robberies, but on appeal the parties do not distinguish between Ms. Sherouse and Ms. Avila.) They contend, however, that the evidence would support the inference that Appellants could not have reasonably believed that there had been such an eyewitness identification. Plaintiffs argue that one could infer from Ms. Rubio's affidavit that no witness ever identified Ms. Sherouse as the robber and that no police officer told Appellants that Ms. Sherouse had been so identified.

In short, the parties dispute what factual inferences can be drawn from the evidence before the district court, not the governing law. As we now explain, we lack jurisdiction to resolve the dispute at this stage of the proceedings.

We may hear an interlocutory appeal from the denial of a motion for summary judgment claiming qualified immunity when the appeal presents a "purely legal determination," such as "whether a constitutional right was clearly established at the time the facts giving rise to the case occurred." Garrett, 254 F.3d at 952 n.8 (internal quotation marks and citation omitted). Under the Supreme Court's ruling in Johnson v. Jones, 515 U.S. 304 (1995), however, "[c]ourts of appeals clearly lack jurisdiction to review summary judgment orders

-7-

deciding qualified immunity questions solely on the basis of evidence sufficiency—which facts a party may, or may not, be able to prove at trial." Garrett, 254 F.3d at 952 (internal quotation marks and citations omitted). Accordingly, we "must scrupulously avoid second-guessing the district court's determinations regarding whether [plaintiffs have] presented evidence sufficient to survive summary judgment." Id. (internal quotation marks and citation omitted).

On appeal Appellants contend that the dispute concerning the facts is immaterial. They assert, "Assuming arguendo that it may be disputed whether any witness ever positively identified plaintiff Sherouse as the robber in any of the three robberies, it is undisputed that [Appellants] Ratchner and Hetes were informed by Officer Harmon that plaintiff Sherouse was identified by Ms. Rubio as the offender." Aplt. Br. at 8. But this is an argument raised for the first time on appeal. In their motion for summary judgment, Appellants argued that Ratchner and Hetes had probable cause to move the investigation to the substation because "one of the witnesses, Inez Rubio, identified Plaintiff Sherouse as the offender." Aplt. App. at 59. Although they conceded that "this same witness later stated she was uncertain when viewing Plaintiff Sherouse at the substation," they maintained that "[Appellants] were allowed to rely upon her initial statement." Aplt. App. at 60. They did not argue that their conduct could be justified even if in fact no witness had ever identified Ms. Sherouse. We review only the argument

presented to the magistrate judge.  See Hill v. Kansas Gas Serv. Corp., 323 F.3d 858, 866 (10th Cir. 2003).

Appellants' argument below rested on factual claims that were disputed.  On the one hand, Officer Harmon testified at his deposition that after initial uncertainty and upon receiving a closer look at Ms. Sherouse, Inez Rubio said, "That's her.  Yeah, I can see her now.  That's her." Aplt. App. at 82.  Harmon further testified that when he asked Rubio whether she was certain that Ms. Sherouse was the robber, she replied, "Yeah, I'm sure." Id.  Inez Rubio, however, stated in an affidavit that after the police brought her to Wyoming Place and asked her to identify Ms. Sherouse, "[she] told officers that the black girl was not the woman that had robbed Shoes on a Shoestring." Aplee. Supp. App. at 48-49.  Her affidavit said that she "never identified the black girl as the woman who robbed Shoes on a Shoestring." Id.  Thus, Plaintiffs introduced evidence that would enable them to prove at trial that Ms. Rubio never identified Ms. Sherouse, and, according to the magistrate judge, without such an identification Appellants lacked probable cause to transport Plaintiffs to the substation.  The magistrate judge determined that this evidence was sufficient to allow Plaintiffs to survive summary judgment.

Although both parties assert that we have jurisdiction to hear Appellants' appeal, "[w]e have an independent duty to inquire into our own jurisdiction,

-9-

whether or not the issue is raised by the parties," <u>Sevier v. City of Lawrence</u>, 60 F.3d 695, 701 (10th Cir. 1995). Because Appellants are appealing a denial of summary judgment based on evidence sufficiency, we lack jurisdiction to consider their claim, and must dismiss their appeal.

## B. Officer Stone's Additional Argument

Appellants assert on appeal that Officer Stone's involvement in the events at the police substation was limited to transporting Plaintiff Sherouse there and placing her in an interview room, and that the evidence is undisputed that Officer Stone engaged in these acts at the behest of Detectives Ratchner and Hetes. Therefore, they argue, Officer Stone is protected by qualified immunity because "[c]ertainly [he] was entitled to rely on the decisions of the detectives and their directive that the investigation continue at the substation." Aplt. Reply Br. at 5.

Whatever the merits of this argument might be, Appellants did not raise it below. Nowhere in the motion for summary judgment was it argued that Officer Stone's conduct should be treated differently from that of any other defendant. Instead, Officer Stone was lumped together with Detectives Ratchner and Hetes.

We see no reason to depart from our well-established rule "that absent extraordinary circumstances, we do not consider arguments raised for the first time on appeal." <u>Hill</u>, 323 F.3d at 866 (internal quotation marks and citation omitted).

We therefore decline to consider Appellants' argument regarding Officer Stone's allegedly limited involvement in Plaintiffs' detention.

**III. Conclusion**

We DISMISS Appellants' appeal for lack of jurisdiction.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge